UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISIDORO MARRA,

         Petitioner,

v.               9:14-CV-1171
                 (GTS/DEP)

DANIEL MARTUSCELLO, JR.,

         Respondent.
_____

APPEARANCES:            OF COUNSEL:

GIRVIN FERLAZZO, P.C.        DANIEL RUBIN, ESQ.
 Counsel for Petitioner
20 Corporate Woods Boulevard
Albany, New York 12211

HON. ERIC T. SCHNEIDERMAN     ALYSON J. GILL, ESQ.
Attorney General for the State of New York  Assistant Attorney General
 Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this habeas corpus action filed by Isidoro Marra ("Petitioner") pursuant to 28 U.S.C. § 2254, is a Report-Recommendation by United States Magistrate Judge David E. Peebles recommending that the Petition be denied and dismissed but that a certificate of appealability be issued with regard to Petitioner's ineffective-assistance-of-counsel claim, because he has made a "substantial showing of the denial of a constitutional right" with respect to that claim pursuant to 28 U.S.C. § 2253(c)(2). (Dkt. No. 19.) Both Petitioner and Respondent have filed Objections to the Report-Recommendation (as well as responses to the opposing Objections). (Dkt. Nos. 22, 23, 25.) For the reasons set forth below,

Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; the Petition is denied and dismissed; and a certificate of appealability shall be issued with respect to Petitioner's ineffective-assistance-of-counsel claim.

I.      RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties (who have demonstrated through their briefs an accurate understanding of the factual background of Petitioner's 2011 conviction for rape in the first degree pursuant to New York Penal Law § 130.35[2]), for the sake of brevity, the Court will not recite the factual background of Petitioner's conviction but will simply refer the parties to the relevant portions of Magistrate Judge Peebles' Report-Recommendation, which accurately recite that factual background. (Dkt. No. 19, at Parts I and II.A.)

   A.     Petitioner's Claims

Generally, in his habeas corpus petition, Petitioner asserts the following three claims: (1) his defense counsel at trial, George Aney, provided him with ineffective assistance of counsel by (a) pursuing a defense theory based on a relying on a misunderstanding of what constitutes "being physically helpless" under New York Penal Law § 130.35(2) (rather that pursuing other available and more-suitable defenses), (b) failing, without any legitimately defensible strategic reason, to call a key witness (Ronald Mauro) to testify at trial, (c) denigrating, during his summation, a witness (Patty Putnam) whose testimony was the only trial testimony favorable to Petitioner, and (d) committing other avoidable errors that prejudiced the outcome of the case, including failing to counter the prosecution's proffer of improper photographic evidence, and failing to object when during summation the prosecutor made improper statements regarding Petitioner's alleged use of a condom at the time of the alleged crime; (2) Assistant Herkimer

County District Attorney Jeffrey S. Carpenter committed prosecutorial misconduct during the trial by (a) submitting into evidence, and commenting on during his summation, irrelevant and highly prejudicial photographs of the victim, and (b) purposefully avoiding asking any witness whether there was any evidence that Petitioner was wearing a condom at the time of the alleged crime and choosing instead to raise the issue for the first time during his summation; and (3) the trial court denied Petitioner a fair trial by erroneously admitting into evidence irrelevant and highly prejudicial photographs of the victim. (Dkt. No. 1; Dkt. No. 1, Attach. 1.)

### B. Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles made the following four findings of fact and/or conclusions of law: (1) that, with respect to Petitioner's claim that the prosecutor committed misconduct during the trial, the claim is both unexhausted (in that Petitioner failed to fairly present it to the Court of Appeals for review) and procedurally defaulted, and Petitioner cannot demonstrate cause for the default and prejudice or that failure to consider the claim will result in a miscarriage of justice; (2) that, with respect to Petitioner's claim that the trial court denied Petitioner a fair trial, the photographs referenced by Petitioner were properly admitted into evidence and relevant not only to the issue of the victim's helplessness, but also to the prosecution's theory that, by undressing the victim and having sexual intercourse with her while she was sleeping, defendant caused bruising and red marks to the victim's body that is inconsistent with consensual intercourse; (3) that, with respect to Petitioner's claim that his trial counsel was ineffective, at most Petitioner has established that trial counsel's misunderstanding that merely being asleep does not constitute "being physically helpless" under New York Penal Law § 130.35(2) amounts to constitutionally deficient

3

representation,[1] which is insufficient because Petitioner has not demonstrated that he was prejudiced as a result of the deficient representation under *Strickland v. Walsh*, 466 U.S. 668 (1984); and (4) that, because Petitioner has made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2252(c)(2), the Court should issue a certificate of appealability as to Petitioner's ineffective-assistance-of-counsel claim. (Dkt. No. 19, at Part III.)

### C. Objections to the Report-Recommendation and Responses Thereto

#### 1. Petitioner's Objections

Generally, in his Objections, Petitioner asserts the following two arguments: (1) by narrowly focusing on trial counsel's misunderstanding of New York Penal Law §130.35, Magistrate Judge Peebles failed to consider the cumulative effects of all of trial counsel's errors; and (2) most significantly, Magistrate Judge Peebles erred in finding that Petitioner failed to establish prejudice under *Strickland,* because the issue was not whether there was sufficient evidence adduced at trial from which the jury could have found that the victim was physically helpless but whether there was a reasonable probability that, by forgoing a hapless "merely sleeping" defense and focusing instead on the element of vaginal penetration, the outcome of the trial would have been different (i.e., at most Petitioner would have been convicted of a lesser-included offense). (Dkt. No. 22.)

---

[1] In support of his finding that being "physically helpless" includes being merely asleep, Magistrate Judge Peebles cited, *inter alia*, N.Y. Penal Law § 130.00(7) (defining "physical helpless" to mean "that a person is unconscious or for any other reason is physically unable to communicate unwillingness to act") and *New York v. Greene*, 13 A.D.3d 991, 992 (N.Y. App. Div., 3d Dept. 2004) (finding that the testimony of the victim "established that she was asleep when defendant penetrated and began raping her, which is sufficient to prove physical helplessness under the statute"). (Dkt. No. 19, at 40.)

4

### 2. Respondent's Response to Petitioner's Objections

Generally, in his response to Petitioner's Objections, Respondent argues that the Court should reject Petitioner's argument that Magistrate Judge Peebles failed to consider the "cumulative effects" of trial counsel's errors when the Magistrate Judge thoroughly reviewed Petitioner's claims and found that trial counsel committed only one error, correctly determining that there was no merit to any of the other alleged errors. (Dkt. No. 23, at 9 [attaching page "8" of Respondent's Objections and Response].)

### 3. Respondent's Objections

Generally, in his Objections, Respondent asserts the following two arguments: (1) Magistrate Judge Peebles erred by finding that trial counsel's representation of Petitioner was constitutionally deficient (in that it was based on a misunderstanding of what constitutes "being physically helpless" under New York Penal Law § 130.35[2]), because in fact, while "physical[] helpless[ness]" *may* include sleep (e.g., if a victim were in a deep sleep as a result of barbiturate consumption), it need not always include sleep, and is a question of fact for a jury;[2] and (2) because Magistrate Judge Peebles incorrectly found that trial counsel's representation of Petitioner was constitutionally deficient, he also erred in recommending that the Court should issue a certificate of appealability as to Petitioner's ineffective-assistance-of-counsel claim. (Dkt. No. 23.)

---

[2] In support of this argument, Respondent cites *New York v. Manning*, 81 A.D.3d 1181, 1181 (N.Y. App. Div., 3d Dept. 2011) ("It is well established that physical helplessness is defined broadly and may include a sleeping victim. . . . Whether or not a victim was physically helpless at the time of the sexual conduct is a question of fact for the jury."); William C. Donnino, Supplemental Practice Commentary, McKinney's Consolidated Laws of New York, Penal Law § 130 ("The definition of 'physically helpless' would apply to a person who is in a deep sleep as a result of barbiturates or who is a paralytic."). (Dkt. No. 23, at 7 [attaching page "6" of Respondent's Obj.].)

### 4. Petitioner's Response to Respondent's Objections

Generally, in his response to Respondent's Objections, Petitioner argues that there is no merit to Respondent's Objection (that Petitioner's trial counsel set forth a legitimate argument regarding whether the victim was "physically helpless" under New York Penal Law § 130.35[2]) for the following three reasons: (1) the New York Appellate Division, Third Department, has twice ruled that proof of sleep alone is sufficient to meet the burden of proving physical helplessness;[3] (2) Respondent has failed to cite a single case in which a defendant was acquitted of a crime involving the element of physical helplessness, because the victim, although sleeping, was deemed not to be physically helpless; and (3) because Respondent previously raised this argument in on page 22 of his initial response to Petitioner's petition, the Court should subject this finding by Magistrate Judge Peebles to merely clear-error review, and finding that it easily survives that review. (Dkt. No. 25.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

---

[3] In support of this argument, Petitioner cites *New York v. DeCicco*, 38 A.D.3d 937, 937 (N.Y. App. Div. 3d Dept. 2007) ("[E]vidence . . . that the victim was asleep . . . was sufficient to permit the jury to conclude that the victim was physically helpless at the time of the criminal act"), and *New York v. Beecher*, 225 A.D.2d 943, 945 (N.Y. App. Div. 3d Dept. 1996) ("[T]he victim's testimony that he was asleep when the first sexual contact took place established his physical helplessness."). (Dkt. No. 25, at 2.)

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[4]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[5] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

---

[4] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[5] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

---

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254(d)

Because Magistrate Judge Peebles has accurately recited the legal standard governing review of Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254(d), the standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties. (Dkt. No. 19, at Part III.A.)

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Peebles. Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 19, at Parts II and III.) As a result, the Court accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety for the reasons stated therein, as well as the reasons stated by the parties in their responses to one another's Objection, which are summarized above in Parts I.C.2. and I.C.4. of this Decision and Order. (Dkt. No. 19, at Parts II and III; Dkt. No. 23, at 9 [attaching page "8" of Respondent's Objections and Response]; Dkt. No. 25.) To those reasons, the Court adds the following three points.

First, regarding Petitioner's Objections, the Court finds that, when the Report-Recommendation is read in its totality, it is clear that Magistrate Judge Peebles was of the correct opinion that, had Petitioner's trial counsel focused at trial on the element of vaginal

9

penetration rather than the element of "physical[] helpless[ness]," the outcome of the trial would have been the same. (*See, e.g.,* Dkt. No. 19, at 3 [citing the trial transcript in which the victim testified that Petitioner penetrated her vagina with his penis], 47 [noting that "there was independent witness testimony . . . from the victim herself . . . that [the victim] was asleep during the time petitioner *had sexual intercourse with her*"] [emphasis added].) Moreover, Magistrate Judge Peebles clearly understood, considered, and rejected the other alleged errors of Petitioner's trial counsel. (*Id.* at 36, 47-48, n.9.)

Second, regarding Respondent's Objections, the Court finds that the case cited by Respondent indeed says that the definition of physical helplessness "may include a sleeping victim," and that whether a victim was physically helpless at the time of the sexual conduct is a question of fact for the jury. *See, supra,* note 2 of this Decision and Order. However, the case in no way suggests that the definition of physical helplessness does not include a sleeping victim, or that a jury may somehow find a victim not physically helpless despite finding that the victim was asleep at the time of the sexual conduct. Indeed, in the case, the Third Department ruled that evidence that a victim was asleep on a couch was legally sufficient to permit the jury to conclude that the victim was physically helpless at the time of the sexual abuse. *New York v. Manning*, 81 A.D.3d 1181, 1181 (N.Y. App. Div., 3d Dept. 2011).

Moreover, the practice commentary cited by Respondent indeed observes that the definition of "physically helpless" would apply to a person "who is in a deep sleep as a result of barbiturates." *See, supra,* note 2 of this Decision and Order. However, as a matter of simple logic, the fact that the definition of "physically helpless" would apply to a person in a deep sleep as a result of barbiturates does not mean that the definition would not also apply to a person in a lighter sleep that was not the result of barbiturates. This is because the definition could apply to

persons who are merely asleep–whether the sleep was adduced by drugs or not. Indeed, the definition does apply to such persons, according to numerous cases.[8]

Third, and finally, while the Court agrees with Petitioner that the Court should subject Magistrate Judge Peebles' finding regarding "physical[] helpless[ness]" under New York Penal Law § 130.35(2) to merely clear-error review (because Respondent previously asserted his Objection regarding the issue of "physical[] helpless[ness]" on page 22 of his response to Petitioner's petition), the Court finds that Magistrate Judge Peebles' finding would, and does, survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall be issued with respect to Petitioner's ineffective-assistance-of-counsel claim, because Petitioner has made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2252(c)(2).

Dated: September 11, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge

---

[8] In addition to relying on the three cases cited above in notes 1 and 3 of this Decision and Order, the Court relies on the following five cases: *New York v. Smith*, 16 A.D.3d 1033, 1034 (N.Y. App. Div., 4th Dept. 2005), *aff'd*, 6 N.Y.3d 827 (N.Y. 2006); *New York v. Manning*, 81 A.D.3d 1181, 1181 (N.Y. App. Div., 3d Dept. 2011); *New York v. Krzykowski*, 293 A.D.2d 877, 879 (N.Y. App. Div., 3d Dept. 2002); *New York v, Irving*, 151 A.D.2d 605, 605-06 (N.Y. App. Div., 2d Dept. 1989); and *New York v. Copp*, 169 Misc.2d 757, 759 (Rochester City Ct. 1996). Because of these cases, the Court need not, and thus does not, address the issue of whether sleep is a form of unconsciousness, thus expressly falling within the statutory definition of "physical[] helpless[ness]." *See* N.Y. Penal Law § 130.00(7) (defining "physical helpless" to mean "that a person is *unconscious* or for any other reason is physically unable to communicate unwillingness to act") [emphasis added].